```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LOUIS PAUL TOSCANO, : | CIVIL ACTION NO. 07-1226 (MLC) |
| Plaintiff, : | **MEMORANDUM OPINION** |
| v. : |  |
| WARREN COUNTY DEPARTMENT OF : HUMAN SERVICES, : |  |
| Defendant. : |  |

**THE PLAINTIFF PRO SE** (1) "mov[ing] to suspend activity" in the action ("Motion") (dkt. entry no. 5), and (2) applying to proceed without prepayment of fees ("Application") (dkt. entry no. 6); and the plaintiff bringing this action on February 13, 2007 in state court to recover damages for violations of Title VII in relation to his application for employment with Warren County (dkt. entry no. 1, Compl.); and the defendant removing the action on March 13, 2007 (dkt. entry no. 1, Rmv. Not.); and

**THE PLAINTIFF**, in support of the Motion, stating that he has initiated a proceeding against the defendant before "the State of New Jersey, Department of Personnel, Merit System Practices and Labor Relations, which in turn scheduled a hearing on either August 15 or August 29, 2007" (dkt. entry no. 5, Pl. Cert., at 1); and the plaintiff stating that he brought an action in court "believing that the Department of Personnel would not provide a speedy remedy through its appeal process" (id. at 2); and the plaintiff stating that "[w]hen the Department of Personnel hears

the appeal as scheduled, the matter under appeal will rightfully belong in the Superior Court of New Jersey, Appellate Division" (id.); and the plaintiff stating that "the matter would not fall under the jurisdiction of this Court until the administrative agencies involved, the Appellate Court and other State Courts complete their actions" (id. at 3); and

**IT APPEARING** that a district court should abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein, Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982), Younger v. Harris, 401 U.S. 37, 43-54 (1971); and it appearing that a state administrative proceeding is considered to be a "proceeding" under Younger, see Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (stating same), N.J.Ct.R. 2:2-3 (setting forth procedure for further state-court review); and

**IT APPEARING** that a district court should stay a federal action — rather than dismiss the complaint — if the state proceedings are administrative in nature, in order to assure that the federal claims are actually resolved, Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 (3d Cir. 1992) (stating district court without discretion to dismiss rather than stay monetary-relief claim that may not be redressed in state

2

proceeding), Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J.) (staying action sua sponte, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994); and

    **THE COURT** thus intending to (1) grant the Motion, (2) issue a stay, and (3) administratively terminate this action with leave to reopen, on good cause shown, pending disposition of the related state proceeding through the administrative and state court levels, cf. Prevost v. Twp. of Hazlet, 159 Fed.Appx. 396, 397-98 (3d Cir. 2005) (reversing order granting motion to dismiss Section 1983 claim where plaintiff brought state administrative proceeding to contest termination, as (1) proceeding — in contrast to proceeding at issue here — had concluded, and (2) "[a]t most," the district court "could have stayed this suit pending the conclusion of the state appeals"); and the Court advising the parties that an order administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy, see Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"); and the Court also intending to deny the

Application without prejudice, with leave to move to renew — if appropriate — by filing a new application to proceed without prepayment of fees if the action is reopened; and for good cause appearing, the Court will issue an appropriate order.

                                                                          s/ Mary L. Cooper  
                                                 **MARY L. COOPER**  
                                                 United States District Judge